UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON RYAN** § | **CIVIL ACTION NO.: 2:24-cv-114** |
| § | |
| Plaintiffs § | |
| § | **JUDGE:** |
| **VERSUS** § | |
| § | |
| **ALLIED TRUST** § | **MAGISTRATE JUDGE:** |
| **INSURANCE COMPANY** § | |
| Defendant § | |
| § | **JURY DEMAND** |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Allied Trust Insurance Company ("Allied"), and files this Notice of Removal of this cause from the 29th Judicial District Court for the Parish of St. Charles, Suit No. 92880, Division "E", entitled, "*Brandon Ryan v. Allied Trust Insurance Company,*" to the United States District Court, Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441, et seq., and in support thereof, states as follows:

1.

Allied is a defendant in the instant civil action brought in the 29th Judicial District Court for the Parish of St. Charles, Suit No. 92880, Division "E", entitled, "*Brandon Ryan v. Allied Trust Insurance Company*".

2.

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441(B), in that it is a civil action between citizens of different states which meets

the jurisdictional threshold relative to the amount in controversy, all as set forth below.

## DIVERSITY

3.

As set forth in the Petition for Damages, plaintiff(s), Brandon Ryan, is an adult domiciled in the Parish of St. Charles, State of Louisiana. Accordingly, plaintiffs are deemed citizens of the State of Louisiana for federal diversity purposes.

4.

As set forth in the Petition for Damages, defendant, ALLIED, is a foreign corporation and an insurer authorized and licensed to do and doing business in the State of Louisiana. ALLIED is, in fact, incorporated in the state of Texas, and has its principal place of business at 4200 W. Cypress Street, Suite 520, Tampa, Florida 33607, and is therefore a citizen of Florida for purposes of federal diversity jurisdiction. It is neither incorporated in, nor has its principal place of business in the State of Louisiana.

5.

Complete diversity exists between the plaintiff and the sole defendant.

## JURISDICTIONAL AMOUNT IN CONTROVERSY

6.

The allegations and claims asserted in this matter arise out of a homeowner's insurance claim involving property owned by the plaintiff in Livingston Parish that was allegedly damaged by Hurricane Ida. The damages alleged by plaintiff exceeds the jurisdictional minimum of $75,000.00.

7.

Plaintiffs seek recovery under a policy of insurance covering their residence 13 Oakland Drive, Destrehan, Louisiana. The policy contains certain restrictions, conditions, exclusions and other contractual terms, which are all expressly reserved herein and incorporated by reference. The combined policy limits exceed $300,000.

8.

Plaintiffs allege that, following Hurricane Ida, defendant failed to properly adjust their claims which have given rise to damages, invoking uncompensated property damage, loss of use, and damage to personal property. Plaintiffs have also sought damages for alleged "bad faith" and other extra-contractual remedies exposing the defendant to statutory penalties and attorney fees pursuant to La. R.S. 22:1892 and 22:1973. Plaintiffs have further sought recovery for damages that are unspecified.

9.

The Fifth Circuit has held that where the plaintiffs' petition fails to specify the amount in controversy, the Court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000.00 threshold for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed. Appx. 62, 66-67 (5th Cir. 2010). On the other hand, if it is not facially apparent that the claims are likely above $75,000.00, the removing party may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* The defendant may rely on summary judgment-type evidence, including affidavits and demands made by plaintiffs, to prove the amount in controversy. *See Luckett v. Delta Airlines, Inc.,* 171 F.3D 295 (5TH Cir. 1999).

10.

In the instant matter, plaintiff has alleged damages according to an estimate prepared by C. Anderson Construction, LLC[1], which purports contractual losses of $81,013.50 for the dwelling and structures only. Paragraph (E) of plaintiff's initial disclosures provide a calculation of the claim as $53,755.38 in "contractual damages," $40,506.75 in "bad faith penalty", and $31,106.50 in "attorney fees," for a total of $125,368.63. Exhibit A, Information provided by the insured, paragraph (E).

11.

Claims for extra-contractual damages, mental anguish, other consequential damages, must be considered as well, along with "allegations seeking recovery for bad faith penalties and fees for the purpose of determining whether the amount in controversy requirement is satisfied." *Nunnery v. 21st Century Centennial Ins. Co.*, 2018 U.S. Dist. LEXIS 212883, at *9 (M.D. La. Nov. 15, 2018).

12.

When these amounts are considered per the relevant statutes and law, the total amount in controversy clearly exceeds the $75,000 jurisdictional amount.

**COMPLIANCE WITH REMOVAL REQUIREMENTS**

13.

Plaintiffs served their Petition on "Allied Trust Insurance Company" via the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana. Said service was received by defendant on September 5, 2023. At the time service, Allied avers that this matter was not removable due to lack of support for the amount in controversy requirement being satisfied.

---

[1] Exhibit A. Plaintiff's Initial Disclosures, Information provided by the insured, paragraph (E); and, Exhibit B. Estimate by C. Anderson Construction, LLC.

14.

Rather, Allied avers that this matter first became removable upon the receipt of Plaintiffs' initial disclosures which included as an attachment the C. Anderson Construction, LLC estimate and the calculation of the claim as exceeding $125,000 with the inclusion of bad faith penalties and fees. Plaintiff's initial disclosures were produced to Allied, through undersigned counsel, on December 15, 2023.[2]

15.

Pursuant to 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable.

16.

Allied respectfully submits that this case first became removable upon receipt of the referenced papers on December 15, 2023, and that this removable is timely filed within thirty (30) days thereof.

17.

The defendant represents that promptly upon filing of this Notice of Removal, it will give written notice thereof to the plaintiffs and shall file a copy of the Notice of Removal with the Clerk of the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, wherein said state court action is now pending. A copy of said notice is attached hereto as Exhibit "B".

---

[2] Exhibit C. December 15, 2023, email correspondence from Plaintiff's counsel sending initial disclosures to Defendant's counsel.

A list of all parties and attorneys to this proceeding and Corporate Disclosure on behalf of ALLIED are being filed herein as well.

**WHEREFORE**, Defendant, Allied Trust Insurance Company, respectfully prays that the above referenced matter now pending in the 29th Judicial District Court for the Parish of St. Charles, Suit No. 92880, Division "E", entitled, *"Brandon Ryan v. Allied Trust Insurance Company,"* be removed and proceed in this Court as an action properly removed and to serve the interests of justice.

Respectfully submitted,

**BARRY, ROME & SCOTT**

*/s/ W. BRIGGS SCOTT*
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
W. BRIGGS SCOTT (#36013)
612 Gravier Street
New Orleans, Louisiana
Tel: (504) 525-5553
Email: sbarry@barryrome.com
Email: bscott@barryrome.com
*Attorneys for Allied Trust Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system or by electronic mail, facsimile and/or United States Mail, postage prepaid.

*/s/ W. BRIGGS SCOTT*
W. BRIGGS SCOTT